## No. 2204.

## GEO. W. HARTWELL *v.* THE STATE.

MANSLAUGHTER—DEADLY WEAPON—CHARGE OF THE COURT.—See the statement of the case for the substance of evidence developed in a trial for murder, which resulted in a conviction for manslaughter, whereunder the trial court, having charged in substance the rule of law laid down in Article 615 of the Penal Code, did not, in view of said evidence, err in omitting to charge upon the rules declared in Articles 612 and 614 of the said Code with regard to an instrument not necessarily a deadly weapon, unless its use and manner of use were accompanied by an intention to kill.

APPEAL from the District Court of Grayson. Tried below before the Hon. R. Maltbie.

The indictment charged the appellant with the murder of one Pat O'Haron, in Grayson county, Texas, on the twenty-eighth day of August, 1885, by stabbing the said O'Haron with a knife. The trial resulted in the appellant's conviction for manslaughter, and a term of two years in the penitentiary was assessed against him as punishment.

It is not essential to the ruling in this case that more than the mere substance of the evidence developed on the trial should be set out in this report.

It was shown, by the State, that the defendant and the deceased met in the saloon of Hampton & Sledge, in the town of

Van Alstyne, Grayson county, on the fatal day, and became involved in a political dispute. The defendant was crippled in one foot, and had a sore mouth. The political dispute waxed in violence, until the defendant called the deceased a d—d liar, whereupon the deceased "brushed" the defendant's face with his hand. The defendant fell back, drew a knife from his pocket, which he opened behind him, and advanced. He was met by the deceased and the two clinched. The struggle took them around in a circle. While describing the circle, the defendant struck the deceased thrice with the knife, inflicting wounds in the chest from which death subsequently ensued.

It was shown, by the defense, that on the day of, but before the difficulty, the deceased, to at least two different witnesses, applied opprobrious epithets to the defendant, and declared his intention to kill or beat the defendant. Just before the actual rencontre, and while the discussion of politics was in progress, the defendant told the deceased that he was crippled and had a very sore mouth, and could not engage him in an equal combat. The combat was pressed on defendant by the deceased, who struck the defendant on the sore mouth with his hand. Thereupon the two clinched and, in the struggle which ensued, the defendant inflicted the fatal wounds.

*S. Hare, A. C. Turner* and *S. H. Russell,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. On a previous day of the term, the judgment of the court below convicting appellant of manslaughter was affirmed in an oral opinion. A motion has been made for a rehearing and to have said affirmance set aside, and for a reversal of the judgment. Four grounds of supposed error are relied upon in the motion, and they are based upon supposed errors in the charge of the court to the jury. No special exceptions were reserved to the charge as given, nor any to the refusal of the requested instructions asked in behalf of the defendant.

It is insisted, however, that the errors complained of consisted of omissions of law to which appellant was clearly entitled as applicable to the facts. In other words, it is claimed that, inasmuch as the court charged, in substance, the rule of law declared in Article 615, Penal Code, he should have charged,

further, the rules announced in Articles 612 and 614, with regard to an instrument not necessarily a deadly weapon, unless its use and manner of use was accompanied by an intention to kill. We are of opinion that, in so far as the question was raised by the evidence, the charge was amply sufficient.

We have maturely reconsidered the charge of the court in connection with the motion for rehearing, the brief of counsel and the entire record as it is presented to us, and we have found no error of omission or commission in it demanding a reversal of the judgment. It appears to us a clear, fair and explicit enunciation of the principles of law involved in the case, and as favorable to appellant as he had the right to expect. The motion for rehearing is overruled.

*Overruled.*

Opinion delivered February 16, 1887.